UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

KAREEM DAVIS,

                Movant,

           -against-

UNITED STATES OF AMERICA,

                Respondent.

25-CV-1781 (LGS)

17-CR-0610-16 (LGS)

ORDER

LORNA G. SCHOFIELD, United States District Judge:

      Movant Kareem Davis has initiated a civil action under 28 U.S.C. § 2255, challenging his June 7, 2021, judgment of conviction entered in *United States v. Davis*, No. 17-CR-0610-16 (LGS) (S.D.N.Y. June 7, 2021). He also has moved "for the appointment of counsel for dual representation in both the § 2255 and to help perfect a Motion for a sentence reduction under 3582(c)(1)(A)." For the reasons set forth in this order, the Court (1) denies the motion for appointment of counsel to represent Movant in the civil Section 2255 action, without prejudice to his filing such a motion at a later stage, and (2) denies the motion for appointment of counsel to assist him in preparing a Section 3582 motion, without prejudice to Movant's filing such a motion *pro se*.

## DISCUSSION

      In the criminal context, the right to appointed counsel "extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *accord United States v. Romano*, No. 15-992-CR, 2022 WL 402394, at *5 (2d Cir. Feb. 10, 2022). Thus, defendants are not entitled to counsel for post-conviction relief, including motions brought under Section 3582. *United States v. Fleming*, 5 F.4th 189, 193 (2d Cir. 2021) (noting that "a defendant has no right to the assistance of counsel in filing a motion for compassionate release or appealing from the

denial of such a motion"); *United States v. Reddick*, 53 F.3d 462, 465 (2d Cir. 1995) ("conclude[ing] that the reference to ancillary matters in § 3006A does not require the furnishing of Criminal Justice Act counsel in post-appeal motions for reduction of sentence seeking the benefit of subsequent changes in the Guidelines"). Courts therefore have no obligation "to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief." *Johnson v. Avery*, 393 U.S. 483, 488 (1969); *accord United States v. Davis*, No. 14 Crim. 212, 2024 WL 3742347, at *2 (S.D.N.Y. Aug. 9, 2024). Rather, "the initial burden of presenting a claim to post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls or the prison system." *Johnson*, 393 U.S. at 488.

District courts do have discretion, however, to appoint counsel to represent a movant in a Section 2255 proceeding. Section 2255(g) expressly provides that a district court "may appoint counsel," and that appointment of counsel is governed by 18 U.S.C. § 3006A. Section 3006A(a)(2) provides that representation may be provided "for any financially eligible person" when "the interests of justice so require."

In determining whether the "interests of justice" require the appointment of counsel under Section 3006A, district courts look to *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1985), a Second Circuit case articulating the factors that courts should consider in determining whether to appoint an attorney to represent an indigent civil litigant. *See*, *e.g.*, *Vasquez v. McGuinness*, No. 23 Civ.7501, 2024 WL 2883295, at *1 (S.D.N.Y. May 22, 2024) (applying *Hodge* factors when considering a motion for the appointment of counsel filed under Section 3006A); *Brown v. New York*, No. 22 Civ. 06371, 2024 WL 422290, at *2 (S.D.N.Y. Jan. 23, 2024) (same).

*Hodge* dictates that "[i]n deciding whether to appoint counsel, . . . the district judge should first determine whether the indigent's position seems likely to be of substance." *Hodge*, 802 F.2d at 61.

> If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.* at 61-62.

Having considered these factors, the Court denies Movant's motion for the appointment of counsel because it is too early in the proceedings to determine whether Movant's "position seems likely to be of substance." *Id.* at 61. At a later stage, the Court may consider the appointment of counsel to represent Movant in his Section 2255 proceedings, should the Court determine that such appointment "would be more likely to lead to a just determination." *Id.* at 61-62.

The Court also denies Movant's request for the appointment of counsel to assist him in preparing a Section 3582 motion. This denial is without prejudice. Should Movant wish to pursue such relief, he may submit such a motion *pro se*.

## CONCLUSION

The Court denies Movant's motion seeking the appointment of counsel in his Section 2255 proceedings, without prejudice to renewal. The Court also denies Movant's request for appointment of counsel to assist him in preparing a Section 3582 motion, without prejudice to his submitting such a motion *pro se*.

The Clerk of Court is respectfully directed to terminate the motion filed in the civil action at Dkt. No. 2 and in the criminal action at Dkt. No. 709.

SO ORDERED.

Dated:   March 10, 2025
         New York, New York

                                        **LORNA G. SCHOFIELD**
                                        **UNITED STATES DISTRICT JUDGE**